UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAM LAPITZ,<br><br>                  Plaintiff,<br>    v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br><br>                  Defendant. | CASE NO. C19-1944JLR<br><br>ORDER REMANDING TO<br>STATE COURT |

On January 9, 2020, the court ordered Defendant State Farm Mutual Automobile Insurance Company ("State Farm") to show cause why the court should not remand this matter to King County Superior Court for lack of subject matter jurisdiction. (*See* 1/9/20 Order (Dkt. # 10).) State Farm asserts that the court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (*See* Not. of Removal (Dkt. # 1) at 2-3.) The court questioned, however, whether the lawsuit implicates more than $75,000.00 and ordered State Farm to "demonstrate by a preponderance of the evidence

that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, under 28 U.S.C. §1332(a)." (*See* 1/9/20 Order at 3-4.)

On January 17, 2020, State Farm responded that it "has no knowledge of plaintiff's alleged injuries and damages" beyond what is included in Plaintiff Adam Lapitz's complaint. (Resp. to OSC (Dkt. # 11) at 2.) As State Farm did in its notice of removal, State Farm points out that Mr. Lapitz's complaint alleges that "[b]ecause the at-fault driver is under-insured, Defendant STATE FARM 'steps into the shoes' of the under-insured driver, and thus is liable for Plaintiff's injuries and damages up to the amount of the policy limits." (*See id.* at 1-2 (citing Compl. (Dkt. 1-3) ¶ 4.13).) But as the court noted in its order to show cause, the fact that the complaint alleges that State Farm is liable "up to" the limits of a $250,000.00 policy is not evidence that more than $75,000.00 is actually in controversy. (*See* 1/9/20 Order at 3-4.)

The only new facts that State Farm cites in its response to the order to show case indicate that (1) State Farm has already paid $10,000.00 in insurance proceeds to Mr. Lapitz under a different policy, (2) Mr. Lapitz settled with the under-insured driver for $25,000.00, and (3) Mr. Lapitz's vehicle sustained $26,612.69 in damages and was totaled. (*See* Resp. to OSC at 1-2; Missen Decl. (Dkt. # 12) ¶¶ 2-4.) These facts are insufficient to show "'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)). Thus, especially in light of the fact that the "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand," *Moore-Thomas*

*v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), the court concludes that State Farm has not carried its removal burden.[1]

For those reasons, the court REMANDS this matter to the King County Superior Court. The court further ORDERS that:

1. All further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk shall send copies of this order to all counsel of record for all parties;

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk for the Superior Court for King County, Washington;

4. The Clerk shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington;

//
//
//
//
//

---

[1] The court also rejects State Farm's request for a "conditional remand." (*See* Resp. to OSC at 3.) State Farm has not cited any authority for the proposition that the court has authority to "reserv[e] State Farm's rights to future removal should plaintiff determine his claim exceeds $75,000." (*See id.*) State Farm, like all litigants, may remove only in compliance with the removal statute and this court's limited jurisdiction. *See* 28 U.S.C. § 1446.

5. The parties shall file nothing further in this matter and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington; and

6. The Clerk shall CLOSE this case.

Dated this 28th day of January, 2020.

JAMES L. ROBART
United States District Judge